UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Grainger, #277601<br>aka *Randy Lee Grainger*,<br>                    Petitioner,<br><br>vs.<br><br>Attorney General,<br>                    Respondent. | C/A No. 2:09-1135-HFF-RSC<br><br>Report and Recommendation |

The petitioner, Randy Grainger ("Petitioner"), proceeding *pro se*, brings this Petition pursuant to 28 U.S.C. § 2254. Petitioner is challenging a state court sentence imposed upon him in Horry County, South Carolina. The Petition should be dismissed, as Petitioner has not exhausted his state remedies.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* Petition is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on

which the Petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Petitioner is currently housed in Charleston County Detention Center. He herein challenges an April 22, 1999 conviction in Horry County on drug charges. Petitioner did not file a direct appeal, and admits he has not made an Application for Post-Conviction Relief (PCR) in state court.

## Discussion

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the above-captioned case should be dismissed because Petitioner has not exhausted his state remedies. With respect to his convictions and sentence, a petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C.

2

§ 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241).

Since Petitioner has a viable state court remedy which has not been utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while he is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4, (4th Cir. 1993), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

It is likely that Petitioner is out of time to file a PCR. Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred[1], further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. at 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a

---

[1] The concept of procedural bar is also referred to as procedural default and/or procedural bypass.

result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750. *See also Thomas v. Davis*, 192 F.3d 445, 450 n. 2 (4th Cir .1999); *Mueller v. Angelone*, 181 F.3d 557, 584 (4th Cir. 1999).

Cause is established when an objective factor external to the petitioner's actions impeded the ability to comply with the state's procedural rule. *See Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999). In order to establish prejudice, a petitioner must show that the trial was infected with actual constitutional error which worked to his disadvantage and "not merely that the errors at his trial created a possibility of prejudice." *McCarver v. Lee*, 221 F.3d 583, 592 (4th Cir.2000). *See also Tucker v. Catoe*, 221 F.3d 600, 615 (4th Cir.2000). Although procedural default is an affirmative defense which is waived if not raised by a respondent, *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996), it is a petitioner's burden to raise cause and prejudice or actual innocence.[2] If not raised by a petitioner, a court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As indicated above, the instant petition is subject to summary dismissal for Petitioner's failure to exhaust state remedies.

---

[2] "Actual innocence" is not an independent claim, but only a method of excusing default. *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir. 1996). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. *Royal v. Taylor*, 188 F.3d 239 (4th Cir. 1999).

4

However, it is noted that, even if Petitioner's claim were deemed technically exhausted due to a state procedural bar, the Court would likely refuse to consider the defaulted claim due to Petitioner's failure to demonstrate either cause or actual prejudice in the pleading.

Since Petitioner has not exhausted his state remedies, his Petition is subject to summary dismissal at this time.

### Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without service upon the respondents. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), cert. denied, 400 U.S. 906 (1970); and *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the Petitioner's claims are either barred from review or without merit).

Robert S. Carr
United States Magistrate Judge

June 29, 2009
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).